**ORAL ARGUMENT NOT YET SCHEDULED**

# No. 22-5323

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**John Anthony Castro,**

*Plaintiffs - Appellants,*

v.

**Federal Election Commission,**

*Defendant - Appellee.*

_____

ON APPEAL FORM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
ORIGINATING CIVIL CASE NO.: 22-2176
Honorable Rudolph Contreras, U.S. District Judge

_____

**PLAINTIFFS-APPELLANTS' RESPONSE IN OPPOSITION TO APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE**

_____

Respectfully submitted:

John Anthony Castro

12 Park Place

Mansfield, Texas 76063

Tel. (202) 594-4344

*Pro-Se*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .....................................................................................................1

BACKGROUND .......................................................................................................2

A. The Commission's Administrative Complaint and Enforcement Process ...........2

B. Appellant's Administrative Complaint .................................................................3

C.    District Court Proceedings ...............................................................................3

ARGUMENT .............................................................................................................4

CONCLUSION ..........................................................................................................7

CERTIFICATE OF COMPLIANCE .........................................................................9

CERTIFICATE OF SERVICE ................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Castro v. FEC*, 1:22-cv-02176 (RC) ( D.D.C. Dec. 6, 62022)..................................8

*Common Cause v. FEC*, 842 F.2d 436 (D.C. Cir. 1988)...........................................7

*Democratic Cong. Campaign Comm.* v. FEC, 831 F.2d 1131 (D.C. Cir. 1987).......7

*Sills v. Bureau of Prisons*, 761 F.2d 792 (D.C. Cir. 1985)..................................9, 10

*Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d. 294 (D.C. Cir. 1987) ....................9

**Statutes**

5 U.S.C. § 705................................................................................................ 5, 8, 11

5 U.S.C. § 706(2)(A)...................................................................................... 5, 8, 11

52 U.S.C § 30109(a)(8)(C) .......................................................................................7

52 U.S.C. § 30101(2) ................................................................................ 5,8,9,10,11

52. U.S.C. § 30109(a)(3)...........................................................................................6

52 U.S.C. § 30106(c) ................................................................................................6

52 U.S.C. § 30109(a)(1)............................................................................................6

52 U.S.C. § 30109(a)(2)............................................................................................6

52 U.S.C. § 30109(a)(6)(A) ......................................................................................6

52 U.S.C. § 30109(a)(8)(A) ......................................................................................7

52 U.S.C. § 30109(a)(4)(A), (a)(5) ...........................................................................6

## INTRODUCTION

The legal question for this Court is quite simply whether the FEC has the authority to determine a candidate's eligibility since a constitutionally ineligible individual cannot be a "candidate" within the meaning of 52 U.S.C. § 30101(2).

According to the Federal Election Commission ("FEC"), this Honorable Court should summarily affirm the district court's finding that Appellant lacked Article III standing on the basis that Appellant's competitive political injury was not traceable to the FEC since the FEC lacks the statutory authority to determine a candidate's eligibility.

However, a careful application of the canons of statutory construction and interpretation reveals that, pursuant to 52 U.S.C. § 30101(2), the FEC can and must determine an individual's eligibility to pursue and/or hold public office prior to accepting or maintaining an individual's FEC Form 2, Statement of Candidacy. If the FEC is permitted to accept an FEC Form 2 with knowingly false information from a constitutionally ineligible candidate, such agency action would be "not in accordance with the law" pursuant to 5 U.S.C. § 706(2)(A) and subject to injunctive relief pursuant to 5 U.S.C. § 705.

# BACKGROUND

## A. The Commission's Administrative Complaint and Enforcement Process

FECA sets forth a detailed, multi-stage process for the FEC's review and resolution of private administrative complaints.

Any person may file a complaint alleging a violation of FECA, 52 U.S.C. § 30109(a)(1). The FEC, after reviewing the complaint and any responses, then votes on whether there is "reason to believe" a violation has occurred, in which case it "shall" investigate. *Id*. § 30109(a)(2). FECA requires an affirmative vote of four Commissioners to undertake most agency actions, *id*. § 30106(c), including a reason-to-believe finding necessary to initiate an investigation, *id*. § 30109(a)(2).

After the investigation, the FEC votes on whether there is "probable cause" to believe FECA was violated. *Id*. § 30109(a)(3). If it determines, by an affirmative vote of at least four Commissioners, that there is probable cause, it "shall" attempt to "correct or prevent such violation" by conciliating with the respondent. *Id*. § 30109(a)(4)(A), (a)(5). If the FEC is unable to correct the violation and enter a conciliation agreement, it "may," by the affirmative vote of at least four Commissioners, institute a civil action against the respondent. *Id*. § 30109(a)(6)(A).

If, at any of these decision-making junctures, fewer than four Commissioners vote to proceed, the FEC may vote to dismiss the complaint and the majority or controlling group must issue a Statement of Reasons to permit subsequent judicial

review. *Common Cause v. FEC*, 842 F.2d 436, 449 (D.C. Cir. 1988); *Democratic Cong. Campaign Comm.* v. FEC, 831 F.2d 1131, 1135 & n.5 (D.C. Cir. 1987). FECA also provides a right of judicial review to the complainant: "Any party aggrieved by an order of the FEC dismissing a complaint filed by such party . . . may file a petition" in the district court seeking review of the FEC's action. 52 U.S.C. § 30109(a)(8)(A). If the court finds the dismissal "contrary to law," it may order the FEC to conform with such declaration within 30 days. Id. § 30109(a)(8)(C). If the FEC fails to conform, the complainant may bring a civil action directly against the respondents to remedy the violation. *Id.*

### B. Appellant's Administrative Complaint

Appellant filed an administrative complaint with the FEC on March 23, 2022. The FEC failed to act on the administrative complaint within 120 days as required by law.

### C.   District Court Proceedings

On July 25, 2022, Appellant filed a judicial complaint with the district court against the FEC. In the Complaint, Appellant sought to obtain injunctive relief to prevent the FEC from accepting Donald J. Trump's FEC Form 2, Statement of Candidacy, on the grounds that he is disqualified from holding public office pursuant to Section 3 of the 14th Amendment to the U.S. Constitution and that the FEC's

acceptance would be agency action "not in accordance with the law" pursuant to 5 U.S.C. § 706(2)(A) and subject to injunctive relief pursuant to 5 U.S.C. § 705. Specifically, Appellant explained that because Donald J. Trump is not qualified to hold public office pursuant to the self-executing Section 3 of the 14th Amendment for having provided "aid or comfort" to the January 6 Insurrectionists, he could not be a "candidate" within the meaning of 52 U.S.C. § 30101(2).

In response to Appellant's explicit citation to 52 U.S.C. § 30101(2), the lower Court ruled that "Mr. Castro's alleged injury—having to compete with Mr. Trump—is not traceable to the Commission… [because the] FEC… possesses no authority to evaluate a prospective candidate's eligibility for federal office… [and] Mr. Castro has not pointed to a statute or regulation indicating otherwise." *Castro v. FEC*, No. CV 22-2176 (RC), 2022 WL 17976630, at *2 (D.D.C. Dec. 6, 2022). The lower Court completely disregarded Appellant's explicit citation to 52 U.S.C. § 30101(2) as the statute providing the FEC with the authority to assess an individual's eligibility.

## ARGUMENT

### I.  Standard of Review

"A party seeking summary disposition bears the heavy burden of establishing that the merits of his case are so clear that expedited action is justified." *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Before

summarily affirming a district court's ruling, "this court must conclude that no benefit will be gained from further briefing and argument of the issues presented." Id. at 297-98. Because the appellant's right to proceed is "so clear," the merits of the case must be "given the fullest consideration necessary to a just determination." *Sills v. Bureau of Prisons*, 761 F.2d 792, 793-94 (D.C. Cir. 1985).

The FEC has clearly failed to meet its "heavy burden" of demonstrating that summary affirmance is "so clear" as to be warranted. In fact, the only thing clear is that the lower Court utterly and inexcusably failed to consider Appellant's assertion that 52 U.S.C. § 30101(2) serves as the statutory authority for the FEC to determine an individual's eligibility to be a "candidate."

## II.   Castro Cited 52 U.S.C. § 30101(2) as the FEC's Statutory Authority to Determine Eligibility

The lower Court held the following: "Mr. Castro's alleged injury—having to compete with Mr. Trump—is not traceable to the FEC. Traceability requires a causal connection between the injury and the conduct complained of. According to Mr. Castro, by accepting Mr. Trump's statement of candidacy, FEC Form 2, the FEC has confirmed Mr. Trump's eligibility to run for President, thereby creating competitive harm for Mr. Castro. But this erroneous idea—upon which Mr. Castro's entire case turns—is completely lacking in support. The FEC explains that it possesses no authority to evaluate a prospective candidate's eligibility for federal office. It

5

represents that, under the FECA, Congress only gave the agency power to regulate federal campaign finance—that is, among other things, the raising, spending, and disclosing of campaign funds—and not to determine who is constitutionally eligible to run for office. ***Mr. Castro has not pointed to a statute or regulation indicating otherwise***." *Castro v. FEC*, No. CV 22-2176 (RC), 2022 WL 17976630, at *2 (D.D.C. Dec. 6, 2022).

The Court's ruling contained a verifiably false assertion. In ECF 20, Appellant cited 52 U.S.C. § 30101(2)'s definition of a "candidate." A careful study of the statutory construction reveals that a candidate is someone who "seeks nomination for election, or election, to Federal office." The FEC would have this Honorable Court disregard the opening definition of a candidate and only focus on the situation where an individual is "deemed to seek nomination for election, or election" for crossing the direct or indirect $5,000 contribution or expenditure threshold.

If an individual is constitutionally ineligible to seek or hold public office, then they cannot legally be considered a "candidate" within the meaning of 52 U.S.C. § 30101(2).

The legal question for this Court is, if it is accepted as true that a candidate is constitutionally ineligible to pursue and/or hold public office, can that person lawfully be considered a "candidate" for purposes of 52 U.S.C. § 30101(2)? And if

this Court determines that a constitutionally ineligible individual cannot be a candidate within the meaning of 52 U.S.C. § 30101(2), does the FEC have the authority thereunder to make a determination as to eligibility when said eligibility is challenged by a fellow primary candidate? And if the FEC does not take corrective action, is the agency's action "not in accordance with the law" pursuant to 5 U.S.C. § 706(2)(A) and subjective to injunctive relief pursuant to 5 U.S.C. § 705?

## CONCLUSION

A constitutionally ineligible individual cannot be considered a "candidate" for purposes of 52 U.S.C. § 30101(2). The FEC has the authority under 52 U.S.C. § 30101(2) to make a determination as to eligibility when said eligibility is challenged by a fellow primary candidate in an administrative complaint. If the FEC does not take corrective action, it would constitute agency action "not in accordance with the law" pursuant to 5 U.S.C. § 706(2)(A) and subjective to injunctive relief pursuant to 5 U.S.C. § 705.

Most importantly, the record reveals the lower Court completely failed to consider Appellant's assertion that 52 U.S.C. § 30101(2) provides the statutory authority to determine eligibility.

For all of the reasons, the FEC's motion should be denied.

Dated: March 9, 2023

                              Respectfully submitted,

By: _____
       John Anthony Castro
       12 Park Place
       Mansfield, TX  76063
       Tel. (202) 594-4344
       J.Castro@JohnCastro.com
       Plaintiff-Appellant, *Pro Se*

## CERTIFICATE OF COMPLIANCE

I hereby certify, on this 9th day of March, 2023, that:

1. This document complies with the word limit of Fed. R. App.P. 32(a)(7) because, excluding the parts of the document exempted by Fed. R. App. 32(f) and Circuit Rule 32(e), this document contains <u>1658</u> words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in a 14-Point New Roman font.

s/ _____
John Anthony Castro

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 9, 2023 I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the D.C. Circuit by using the Court's CM/ECF system. All participants are registered CM/ECF users and will be served by the appellate CM/ECF system.

s/_____
John Anthony Castro