**ORAL ARGUMENT NOT YET SCHEDULED**

No. 22-5323

_____

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**JOHN ANTHONY CASTRO**,
Plaintiff-Appellant,

v.

**FEDERAL ELECTION COMMISSION**,
Defendant-Appellee.

_____

On Appeal from the United States District Court
for the District of Columbia

_____

**FEDERAL ELECTION COMMISSION'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY AFFIRMANCE**

_____

Lisa J. Stevenson
Acting General Counsel
lstevenson@fec.gov

Kevin Deeley
Associate General Counsel
kdeeley@fec.gov

March 16, 2023

Jacob S. Siler
Assistant General Counsel
jsiler@fec.gov

Shaina Ward
Attorney
sward@fec.gov

FEDERAL ELECTION COMMISSION
1050 First Street NE
Washington, DC 20463
(202) 694-1650

## INTRODUCTION

This case is well-suited for summary affirmance. *See Hassan v. Fed. Elec. Comm'n*, No. 12-5335, 2013 WL 1164506, at *1 (D.C. Cir. Mar. 11, 2013) (granting FEC's motion for summary affirmance where plaintiff failed to establish Article III standing). Appellant John A. Castro cannot show that his alleged injury, to the extent that his Complaint adequately alleged one, was caused by any act or alleged inaction by the Federal Election Commission ("Commission" or "FEC"), or that any order directed to the Commission could redress it. The Federal Election Campaign Act's ("FECA") definition of a candidate, set forth in 52 U.S.C. § 30101(2), does not grant the Commission authority to reject a Statement of Candidacy because the candidate is constitutionally ineligible for office. Nothing in Castro's Opposition to the Commission's Motion for Summary Affirmance ("Opp.") demonstrates otherwise. Furthermore, Castro provides no basis to disregard his failure to establish Article III standing, which all plaintiffs must have to proceed in federal court. This Court should therefore summarily affirm the district court's grant of the Federal Election Commission's motion to dismiss.

# ARGUMENT

## I. CASTRO HAS FAILED TO SHOW CAUSE WHY HE COULD NOT COMPLY WITH COURT DEADLINES

As an initial matter, Castro has not responded to this Court's Order requiring him to "show cause . . . why the dispositive motion should not be considered and decided without a response." (Order, Doc. No. 1985132 (Feb. 8, 2023).) Castro's Opposition to the FEC's Motion for Summary Affirmance was originally due on February 2, 2023, however Castro failed to timely file his response to the FEC's Motion, and Castro's opposition fails to respond to the Court's order to show cause addressing the delay. (*See id*.)[1] Because Castro has provided no explanation for his failure to comply with court deadlines or seek an extension, this Court need not consider his opposition. *See* D.C. Cir. Rule 38.

## II. CASTRO LACKS ARTICLE III STANDING

Even if Castro's response had been timely submitted, nothing in that submission suggests the district court was in error. As discussed in the FEC's Motion, the district court correctly held that the Commission has no authority to evaluate a prospective candidate's eligibility for federal office. As a result, it

---

[1] Prior to the expiration of Castro's original response deadline, counsel for the FEC understood that Castro had not immediately received notice that the Motion had been filed. Counsel for the FEC unilaterally offered Castro an extension of additional time to respond to the FEC's Motion, but Castro declined and stated that he would not be filing a response.

2

cannot in this action take any position on the central question Castro asserts, and therefore there is no actual case or controversy between the parties in this case and Castro lacks Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-01 (1992). In response to the Commission's Motion, Castro attempts to establish his standing by arguing that he "explicit[ly]" "cited 52 U.S.C. § 30101(2) as the FEC's statutory authority to determine eligibility." (Opp. at 4, 5.) He further asserts that "the record reveals the lower Court completely failed to consider Appellant's assertion that 52 U.S.C. § 30101(2) provides the statutory authority to determine eligibility." (*Id.* at 7.)

    Castro's assertions are simply wrong. The district court expressly considered FECA's candidacy definition and concluded that provision did not support Castro's argument. (Add. 30 (citing 52 U.S.C. § 30101(2)).) As the district court reasoned, Section 30101 simply defines when a person must file a statement of candidacy with the Commission and becomes subject to certain of FECA's requirements, it does not address the constitutional eligibility of a federal candidate or actions that would disqualify such a candidate, nor does it grant authority for the Commission to disqualify a prospective candidate. (*Id.* at 30-31.) As explained by the district court, "[n]othing in the statement of candidacy, FEC Form 2, lends credence to Mr. Castro's belief that it plays a role in determining Mr. Trump's eligibility to run for office." (*Id.* at 30.) Castro similarly fails to cite

3

any authority to this Court that would suggest the Commission may make a threshold determination of a candidate's constitutional eligibility for office. As a result, Castro "fails the traceability and redressability requirements of standing," because he cannot "show the Court how the Commission's handling of Mr. Trump's statement of candidacy has any bearing on Mr. Castro's alleged injury." *Id.* at 31; *see also Pub. Serv. Elec. & Gas Co. v. FERC*, 783 F.3d 1270, 1274 (D.C. Cir. 2015) ("'[T]he oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.'" (quoting *Flast v. Cohen*, 392 U.S. 83, 96 (1968))).

In sum, Castro's response falls far short of establishing the essential elements of constitutional standing. Castro cannot show that any FECA provision or other authority grants the Commission unilateral authority to disqualify a person from running for federal office. And even if Castro was injured, he has failed to show that his injury would be redressable by an order of the district court.

## CONCLUSION

For the foregoing reasons, this Court should summarily affirm the district court's order granting the Commission's motion to dismiss Castro's complaint.

                                          Respectfully submitted,

Lisa J. Stevenson                      /s/ *Shaina Ward*
Acting General Counsel         Shaina Ward
lstevenson@fec.gov             Attorney
                                   sward@fec.gov

Kevin Deeley
Associate General Counsel      COUNSEL FOR DEFENDANT-
kdeeley@fec.gov                 APPELLEE
                                   FEDERAL ELECTION COMMISSION
Jacob S. Siler                       1050 First Street NE
Assistant General Counsel       Washington, DC  20463
jsiler@fec.gov                      (202) 694-1650

March 16, 2023

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

I hereby certify, on this 16th day of March, 2023, that:

1. This document complies with the word limit of Fed. R. App. P. 32(a)(7) because, excluding the parts of the document exempted by Fed. R. App. 32(f) and Circuit Rule 32(e), this document contains 863 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in a 14-point Times New Roman font.

/s/ *Shaina Ward*
Shaina Ward

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of March, 2023, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the D.C. Circuit by using the Court's CM/ECF system. All participants are registered CM/ECF users and will be served by the appellate CM/ECF system.